**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ORANGEBURG DIVISION**

| | | |
|---|---|---|
| United States of America | ) | CR. No.: 5:17-cr-1138-MBS |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| | ) | |
| Joe Roger Moultrie | ) | |
| | ) | |

## I. INTRODUCTION

Joe Roger Moultrie ("Defendant") is the sole individual named in a two-count Indictment filed on December 6, 2017. ECF No.2. Count One charges that on or about August 20, 2015, Defendant knowingly, intentionally, and unlawfully possessed with the intent to distribute a quantity of cocaine and cocaine base in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C). Id. Count Two charges that on or about August 28, 2017, Defendant knowingly, intentionally, and unlawfully possessed with intent to distribute a quantity of cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Id.

Defendant filed a motion to sever on October 29, 2018. ECF No.86. On December 10, 2018, Defendant filed a motion for production of discovery. ECF No. 102. In that motion, Defendant sought the identity of a "drug user with drugs" who ultimately assisted in Defendant's arrest. Id. at 2. After a hearing, the court denied the motion to sever on December 13, 2018. ECF No. 106. Also at that hearing, the parties discussed the motion for production. The court gave the government until January 31, 2019 to file an updated memorandum in opposition. The government complied with the court's request. ECF No. 111. After reviewing the briefs, the court denied Defendant's motion. ECF No. 112. The court noted that the "drug user with drugs"

had a limited role in Defendant's arrest. Id. at 3. The court also indicated that the government stated that it did not intend to call the "drug user with drugs" as a witness at trial. Id.

On March 12, 2019, Defendant filed a motion to reconsider, requesting that the court reconsider its denial of his discovery disclosure motion. ECF No. 116. Defendant argues that the court "ordered" the government to provide affidavits concerning the identity of the "drug user with drugs" during the December 13, 2018 hearing. Id. at 2. Defendant further argues that the court considered Defendant's motion without the "benefit of affidavits." Id.

## II. ANALYSIS AND DISCUSSION

Although not explicitly mentioned in the Federal Rules of Criminal Procedure, courts have long recognized that parties may file motions to reconsider rulings in criminal matters. "'The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" United States v. Dickerson, 971 F. Supp. 1023, 1024 (E.D. Va. 1997)(quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)).

The court has reviewed the hearing transcript. At the hearing, the court stated that it "would really like to know exactly what the situation is so [it] can make an informed decision. . . ." Tr. 32 at 1-3. The court further stated that it "really would like to know whether or not this person who made the call was involved in the August 28th stop; and if they were, what their role was." Id. at 7-10. The court reasoned that supplemental briefing could solve any confusion, and then ordered the government to "provide [the court] a clarifying brief as to what happened after [the government] talked to the officers[.]" Tr. 33 at 2-5. Counsel for Defendant requested that the government obtain sworn testimony via affidavit from the officers in question. Id. at 8-12. The government responded that the affidavits may or may not be useful. Id. at 17-20. The court

responded that it "would like to know what happened with the call. . .," to which the government responded that it was possible to obtain that information via affidavit. Id. at 21-25. The court concluded by stating "well, let me see what you get. . . [a]nd then based on that, we'll decide whether I need another hearing on it." Tr. 34 at 1-3. At no point did the court explicitly order the production of affidavits. The court simply told the government that it would "see what [the government would] get." The provided clarifying brief contained more information about the "drug user with drugs," and even contained information regarding the government's plan not to call the "drug user with drugs" as a witness at trial. Using that more detailed brief, the court was able to reach an informed decision. The court discerns no manifest errors of fact or law, nor does it discern any new evidence. Defendant's motion is without merit.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to reconsider is hereby **DENIED**.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

March 25, 2019